PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DARNELL D. HILL, ) | |
| ) | CASE NO. 4:13cv132 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| OHIO DEPARTMENT OF ) | |
| REHABILITATION AND CORRECTION, ) | |
| *et al*., ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Regarding ECF No. 1] |

On January 18, 2013, *pro se* plaintiff Darnell D. Hill, an inmate at Trumbull Correctional Institution, filed this 42 U.S.C. § 1983 action against the following defendants: the Ohio Department of Rehabilitation and Correction ("ODRC"); ODRC Director G. Mohr; the Ohio Bureau of Sentence Computation ("OBSC"); OBSC Records Supervisor L. Bower; OBSC employee S. Minor; the Trumbull Correctional Institution ("TCI'); TCI Warden C. LaRose; TCI employee A. Carroll, TCI employee B. Caja; and TCI employee R. Fulton. ECF No. 1. The complaint, which seeks monetary relief and plaintiff's release from prison, alleges plaintiff's sentence has expired and therefore he is being unlawfully detained.[1] ECF No. 1 at 2-3. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which

---

[1] The website for the Ohio Department of Rehabilitation and Correction reflects plaintiff's prison term expires in June 2014. *See* http://www.drc.ohio.gov/OffenderSearch/Search.aspx.

(4:13cv132)

relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).

The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Further, absent allegations that criminal proceedings terminated in plaintiff's favor or that a conviction stemming from the asserted violation of his rights was either: reversed; expunged by executive order; declared invalid by a state tribunal; or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In the instant case, Plaintiff is directly challenging the duration of his imprisonment, which to date has not been formally invalidated in any manner.

Accordingly, this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| March 25, 2013 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[2] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).